IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT C THOMAS,

    Plaintiff,
v.                                              CASE NO. 4:17-cv-491-RH-GRJ

DONALD TRUMP,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The Report and Recommendation recommending that this case be dismissed for failure to prosecute and failure to comply with an order of the Court, ECF No. 4, is **WITHDRAWN**. For the following reasons, it is respectfully recommended that this case be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff initiated this case by filing a handwritten Complaint, ECF No. 1, and is proceeding pursuant to an Amended Complaint, ECF No. 5. The Amended Complaint (hereafter "Complaint") is before the Court for screening pursuant to 28 U.S.C. § 1915. A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th

Cir. 1997) (noting that the language of § 1915(e)(2)(B)(ii) tracks the language of language of Federal Rule of Civil Procedure 12(b)(6)).

Plaintiff is an inmate in the custody of the Department of Corrections presently confined at Jefferson CI. The Complaint does not stem from the conditions of confinement. Rather, Plaintiff sues the President of the United States and the United States Environmental Protection Agency for relief in connection with water contamination that has occurred in Puerto Rico following the recent hurricane. Plaintiff argues that Defendants must be required to utilize the provisions of the Clean Water Act to address water contamination in Puerto Rico. ECF No. 5 at 6-8.

In order for a party to seek relief from a federal court, it must have standing to pursue its claims. Subject matter jurisdiction of federal courts is limited by the U.S. Constitution to "cases" and "controversies" U.S. const. Art. III, § 2. A justiciable controversy "must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Connecticut v. Haworth,* 300 U.S. 227, 240-

41 (1937) (citations omitted). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs invoking federal court jurisdiction must show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Tanner Adver. Group v. Fayette County,* 451 F.3d 777, 791 (11th Cir. 2006).

"[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and its laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Hein v. Freedom From Religion Found., Inc., 127 S. Ct. 2553, 2563-64 (citing Lujan, 504 U.S. at 573-74).* The U.S. Supreme Court in *Lance v. Coffman*, 549 U.S. 437 (2007), addressed the issue of standing where voter plaintiffs challenged a court-ordered voting plan. The Court unanimously held that the plaintiffs did not have standing because "[t]he only injury plaintiffs allege is that the

law. . .has not been followed.  This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past." *Lance, 549 U.S. at 1198.*

The generalized grievances asserted by Petitioner regarding water contamination in Puerto Rico do not assert a concrete and personalized injury, and accordingly he lacks Article III standing to bring this case.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 18th day of January 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**